■ In the Matter of ROBERT BRIDGES, Respondent, v LINDA HERTICA, Appellant. (Proceeding No. 1.) In the Matter of LU-

CILLE CONARPE, Respondent, v LINDA HERTICA, Appellant. (Proceeding No. 2.) (And Two Other Related Proceedings.) [651 NYS2d 257] —Cardona, P. J. Appeal from an order of the Family Court of Greene County (Battisti, Jr., J.), entered June 21, 1995, which, in four proceedings pursuant to Family Court Act article 6, *inter alia,* awarded temporary primary physical custody of two children to petitioner Lucille Conarpe.

Respondent is the biological mother of the two children who are the subject of this custody proceeding. Each child has a different father and respondent never married either father. The children are Crystal (born in 1984) and Roy (born in 1989). Petitioner Robert Bridges is Crystal's biological father and is unrelated to Roy. The record is silent as to the status and whereabouts of Roy's biological father. The record demonstrates that in December 1993, respondent, who apparently had legal custody of both children, moved with her children into the home of petitioner Lucille Conarpe, Roy's paternal grandmother, who is unrelated to Crystal. Due to various difficulties, Conarpe asked respondent to move out of her home in the summer or fall of 1994 and agreed to care for respondent's two children. Respondent did, in fact, move out and both children remained with Conarpe.

In February 1995, Bridges commenced a proceeding against respondent in Family Court seeking a modification of a prior custody order to give him custody of Crystal. In March 1995, Conarpe also filed a petition against respondent seeking custody of Roy. On March 27, 1995, Family Court, with regard to Conarpe's petition, entered a temporary order of custody of Roy to Conarpe. With respect to Bridges' petition, in a separate order entered March 30, 1995, Family Court also granted, after respondent failed to appear in court, joint custody of Crystal and Roy to Bridges and Conarpe, with physical custody to Conarpe.

Respondent, who claims she did not receive notice of the first two petitions, immediately filed two petitions against Bridges and Conarpe on March 31, 1995 seeking, *inter alia,* custody of Crystal and Roy. A hearing was then held to determine the *temporary* custody of the children, pending a full hearing. At the conclusion of the interim hearing, Family Court issued a temporary order, entered June 21, 1995, awarding primary physical custody of the children to Conarpe and granted liberal "custodial periods" with the children to Bridges and respondent. Home studies, mental health and substance abuse evaluations were also ordered with written reports to be filed with the court. Respondent appeals from the June 21, 1995 order.

The temporary order containing various custodial provisions pending a final disposition was not a final order and is not appealable as of right (*see,* Family Ct Act § 1112; *Matter of Tash v Cadette,* 228 AD2d 686; *Matter of Zimmer v Peno,* 194 AD2d 928, *lv dismissed* 82 NY2d 802; *Matter of Harley v Harley,* 129 AD2d 843, 844). Respondent did not seek permission to appeal and the matter is not properly before us (*see, Matter of Zimmer v Peno, supra*). Moreover, in light of the procedural posture of this case, the record before this Court and the clearly nonfinal nature of the appealed order, we deem it inappropriate to treat the notice of appeal as a request for permission to appeal (*see, id.; see also, Matter of Tash v Cadette, supra*).

Parenthetically, we note that all the arguments raised by the parties concerning the issue of custody of the two children should more appropriately be directed to Family Court in the context of a final determination of the various petitions.

Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.