■ In the Matter of STEVEN J. HARDY, Respondent, v DORENE A. SHORT, Appellant. [664 NYS2d 159] —White, J. Appeal from an order of the Family Court of Tioga County (Callanan, Sr., J.), entered September 6, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody/visitation.

The parties, who are not married, are the parents of a daughter born in 1989. Unfortunately, they have not provided their child with a stable environment, having separated when she was one year old and thereafter following a peripatetic lifestyle characterized by drug and alcohol abuse. Upon separation, petitioner had physical custody of the child with respondent having limited visitation rights. Respondent regained physical custody in November 1992 when petitioner was incarcerated following a conviction of a misdemeanor charge of harassment. Following the filing of an indicated report that petitioner had sexually abused his daughter, respondent in 1994 obtained an order of protection and an order providing that petitioner's visitation be supervised by certain named individuals. When petitioner moved to New Jersey in 1995, he applied to have the 1994 order modified to the extent of permitting unsupervised visitation and the removal of the order of protection. At the conclusion of an evidentiary hearing, Family Court retained the order of protection but did permit petitioner to have visitation with his daughter one weekend per month in New Jersey, supervised by Debbie Murphy, petitioner's fianceé. Respondent appeals.

Respondent does not challenge petitioner's right to have supervised visitation; instead she objects to its taking place in New Jersey under the supervision of Murphy, whom she believes does not have the capacity to protect her daughter from petitioner.

In recognition of Family Court's unique opportunity to assess the credibility of the witnesses and observe their demeanor, its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record (*see, Matter of Cline v Cline*, 229 AD2d 671, 672). In the absence of proof that travel to New Jersey would be harmful to the child or that petitioner threatened to abscond with her, there is no reason to disturb Family Court's decision to permit the visitation to take place in New Jersey (*see, Matter of Stewart v Stewart*, 222 AD2d 895, 896; *Graham v Graham*, 175 AD2d 540, 541-542). Addressing respondent's second concern, our review of the record shows that Murphy, together with her 11-year-old daughter and 10-year-old son, have lived with petitioner for two years and, according to Murphy's testimony, function very effectively as a family. She further related that, when she learned of the allegations against petitioner, she thoroughly interrogated her children and satisfied herself that petitioner had never acted inappropriately toward them. Her daughter and a disinterested witness confirmed her testimony. Further, Family Court reviewed with Murphy the responsibilities she was assuming and obtained her assurance that she understood them and would act accordingly. We also note that the Law Guardian has urged us to affirm Family Court's decision. Therefore, considering this record, we conclude that Family Court's selection of Murphy rests upon a sound and substantial basis and, thus, we affirm.

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.