■ In the Matter of BARBARA COLE, Appellant-Respondent, v SANDRA A. GOODRICH, Respondent-Appellant. [707 NYS2d 553] —Graffeo, J. Cross appeals from an order of the Family Court of Otsego County (Scarzafava, J.), entered July 29, 1999, which dismissed petitioner's application and granted respondent's counterclaim, in a proceeding pursuant to Family Court Act article 6, for custody of respondent's daughter.

As the result of an automobile accident in 1985, respondent sustained a traumatic brain injury which caused a change in her cognitive abilities and a seizure disorder. Respondent gave birth to a daughter in 1997 at which time she was residing with petitioner, her mother. However, due to disagreements with petitioner regarding the care of the child, respondent moved in with her boyfriend approximately 10 months later, leaving her daughter with petitioner. Thereafter, the parties reached an agreement and a Family Court order was issued establishing joint legal custody with petitioner assuming primary physical custody. Respondent was awarded three hours of unsupervised daily visitation.

Respondent subsequently initiated a contempt proceeding claiming that petitioner had thwarted her efforts to visit with her daughter. In response, petitioner filed a modification petition seeking sole custody of the child, and a counter petition for custody was filed by respondent. At the conclusion of a hearing, Family Court awarded respondent sole custody of the child and petitioner was granted visitation. Both parties now appeal.

It is well settled that a biological parent's right to custody of his or her child is superior to all others unless, as is relevant here, it is established that the parent is unfit (*see, Matter of Michael B.*, 80 NY2d 299, 309; *Matter of Burghdurf v Rogers*, 256 AD2d 1023) "or other equivalent but rare extraordinary circumstance which would drastically affect the welfare of the child" is extant (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 549; *see, Matter of Ratliff v Glanda*, 263 AD2d 816; *Matter of Michael G. B. v Angela L. B.*, 219 AD2d 289, 292). Moreover, the fact that another person may be more suitable in the parental role is insufficient to deprive a biological parent of his or her right to custody (*see, Matter of Michael B., supra*, at 309; *Matter of Stark v Kinnaw*, 212 AD2d 943, 944).

Petitioner contends that she has met her burden of establishing extraordinary circumstances through respondent's parental unfitness, due in part to respondent's disabilities. Petitioner presented the testimony of a psychologist who had treated both respondent and petitioner. He opined that respondent lacked appreciation of her "long-term deficits in a variety of areas which would compromise her ability to safely care for a child" and that the child's welfare would be better served by awarding custody to petitioner. This testimony was refuted by another psychologist testifying on behalf of respondent who indicated that she was capable of caring for her child. In any event, Family Court exercised its discretion and discredited the testimony of both experts as being biased (*see, e.g., Matter of Kwan M.*, 159 AD2d 707). The court accorded substantial weight to the testimony of a parental aide who stated that she observed respondent appropriately and capably care for her daughter. Although the record contains evidence that respondent exercised poor judgment in the care of her young child, the nature, frequency and seriousness of the incidents were disputed by the parties, who clearly have an acrimonious relationship. The court further noted that petitioner's intense scrutiny and criticism of respondent contributed to her errors.

After according substantial deference to Family Court, we decline to disturb its credibility and factual assessments (*see,*

*Matter of Fairbanks v Diehl,* 268 AD2d 867; *Matter of Forsyth v White,* 266 AD2d 743). Notwithstanding her disability, respondent completed a first-aid class and has embarked on her goal of becoming a certified health aide. The record further reveals that respondent consistently visited her child when petitioner had physical custody. Despite the Law Guardian's contrary recommendation, we conclude that Family Court's determination, finding that petitioner failed to meet her burden in establishing that respondent was an unfit parent or that extraordinary circumstances were present to justify supplanting a biological parent of custody of her child, was not erroneous based on the record evidence (*see, Matter of Ratliff v Glanda, supra; Matter of Gray v Chambers,* 222 AD2d 753, 754, *lv denied* 87 NY2d 811).

Next, respondent's contention on her cross appeal that Family Court erred in granting petitioner visitation is unavailing. The issue of visitation is determined based on the best interest of the child and is a matter within Family Court's sound discretion (*see, Matter of Wenskoski v Wenskoski,* 266 AD2d 762, 763). The record indicates that petitioner has a healthy and close relationship with her grandchild and, therefore, the court appropriately exercised its discretion in awarding visitation to petitioner (*see, Matter of Beers v Beers,* 220 AD2d 839, 840-841).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.