In the Matter of CRISTINE WOJCIK, Respondent-Appellant, v PHILLIP NEWTON et al., Appellants-Respondents. (Appeal No. 1.) [782 NYS2d 204]—Appeal and cross appeal from an order of the Family Court, Oneida County (Frank S. Cook, J.), entered May 13, 2003. The order denied the petitions seeking a determination that respondents had willfully violated a prior order and denied the cross petition seeking an order terminating petitioner's visitation with petitioner's grandchild.

Appeal and cross appeal from an amended order of the Family Court, Oneida County (Frank S. Cook, J.), entered July 31, 2003. The amended order denied the petitions seeking a determination that respondents had willfully violated a prior order and denied the cross petition seeking an order terminating petitioner's visitation with petitioner's grandchild.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Addressing first petitioner's cross appeal, we reject petitioner's contention that Family Court erred in finding that respondents' violation of the order granting petitioner visitation with her grandchild was not willful. Given the court's "unique opportunity to assess the credibility of the witnesses and observe their demeanor" (*Matter of Hardy v Short*, 244 AD2d 669, 670 [1997]), the findings of the court are entitled to great deference and will not be disturbed where, as here, there is a sound and substantial basis in the record for those findings (*see Matter of Russo v Russo*, 257 AD2d 926, 927 [1999]).

With respect to respondents' appeal, we conclude that the court properly denied the cross petition seeking an order terminating petitioner's visitation with the child. "The issue of visitation is determined based on the best interest of the child and is a matter within Family Court's sound discretion . . . . The record indicates that petitioner has a healthy and close relationship with her grandchild and, therefore, the court appropriately exercised its discretion in [continuing] visitation [with] petitioner" (*Matter of Cole v Goodrich*, 272 AD2d 792, 794 [2000], *lv denied* 95 NY2d 874 [2000]). Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ.