*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 7, 2016                    521111
_____

In the Matter of SUZANNE QQ.,
                    Respondent,
        v                                      MEMORANDUM  AND  ORDER

BEN RR.,
                    Appellant.
_____

Calendar Date:  February 17, 2016

Before:  McCarthy, J.P., Egan Jr., Rose and Lynch, JJ.

_____

        Ben RR., Shady, appellant pro se.

        Deborah Schneer, Kingston, for respondent.

        Valerie Lyn Wacks, Olivebridge, attorney for the child.

_____

Rose, J.

        Appeal from an order of the Family Court of Ulster County
(McGinty, J.), entered January 22, 2015, which, in a proceeding
pursuant to Family Ct Act article 6, granted petitioner's motion
for, among other things, a temporary order of protection against
respondent.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the unwed parents of a child (born
in 2003).  The mother has been the child's primary caretaker
since 2010, when the parties ended their relationship.  In 2013,
after the father allegedly engaged in a variety of inappropriate
behavior toward and conversations with the child resulting in the
issuance of a temporary no-contact order of protection in favor
of the child, the mother and father cross-petitioned for custody.

In January 2014, Family Court issued a temporary order granting the father visitation with the child, provided that it be supervised by a therapist.  Subsequently, the father visited the child's school and attempted to take her into his custody, prompting the mother to file an emergency violation petition which sought, among other things, a new temporary order of protection requiring the father to stay away from the child except during therapeutic visitation.  Family Court issued the requested temporary order of protection, and the father now appeals from that order.

The temporary order of protection at issue here is a nonfinal order, as it was made pending further proceedings in the parties' underlying custody dispute.  As such, the order is not appealable as of right (see Family Ct Act § 1112 [a]; Matter of Crooks v Smith, 260 AD2d 804, 804 [1999]; Firestone v Firestone, 44 AD2d 671, 672 [1974]).  Inasmuch as petitioner did not seek permission to appeal, the matter is not properly before us (see Matter of Zimmer v Peno, 194 AD2d 928, 929 [1993], lv dismissed 82 NY2d 802 [1993]).  Furthermore, in light of the procedural posture of this case and the temporary nature of the order, we decline to treat petitioner's notice of appeal as a request for permission to appeal (see Matter of Crooks v Smith, 260 AD2d at 804-805; Matter of Bridges v Hertica, 234 AD2d 862, 864 [1996]).

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.


ORDERED that the appeal is dismissed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court