Matter of Walter Q. v Stephanie R. (2025 NY Slip Op 00127)

Matter of Walter Q. v Stephanie R.

2025 NY Slip Op 00127

Decided on January 9, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 9, 2025

CV-23-0785
[*1]In the Matter of Walter Q., Appellant,
v
Stephanie R., Respondent. (Proceeding No. 1.)
In the Matter of Stephanie R., Petitioner,
v
Walter Q., Appellant. (Proceeding No. 2.) (And Other Related Proceedings.)

Calendar Date:November 18, 2024

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Mackey, JJ.

John A. Cirando, Syracuse, for appellant, and appellant pro se.
Andrea J. Mooney, Ithaca, attorney for the child.

Garry, P.J.
Appeals (1) from an order of the Supreme Court (John C. Rowley, J.) entered December 23, 2022 in Tompkins County, which, among other things, in proceeding No. 2 pursuant to Family Ct Act article 6, granted the attorney for the child's motion to prohibit respondent from posting on social media, or disseminating to third parties to so post, certain information regarding the subject child and these proceedings, and (2) from an order of said court, entered December 23, 2022 in Tompkins County, which, among other things, in proceeding No. 2 pursuant to Family Ct Act article 6, granted the attorney for the child's application to be relieved from representing the child.
Walter Q. (hereinafter the father) and Stephanie R. (hereinafter the mother) are the parents of the subject child (born in 2014). There have been several legal proceedings between the parties, in the trial courts and encompassing several appeals. In 2017, the mother commenced custody and family offense proceedings against the father. Family Court (Cassidy, J.) found that the father committed the family offenses of sexual misconduct, harassment and menacing, issued an order of protection in favor of the mother and awarded her sole legal and physical custody of the child, while granting the father parenting time on a graduated basis, to begin as supervised until he completed the first stage of a domestic batterer's program (Matter of Stephanie R. v Walter Q., 203 AD3d 1440, 1440 [3d Dept 2022]). The father was later convicted of criminal contempt in the second degree and sentenced to 10 months in jail for intentionally violating the order of protection (Matter of Stephanie R. v Walter Q., 201 AD3d 1135, 1137 [3d Dept 2022], lv denied 38 NY3d 907 [2022]). In view of his September 2018 conviction, his election to remain incarcerated rather than be released with an ankle monitor and his "steadfast defiance and hostility to lawful orders of the court," Supreme Court (Cassidy, J.)[FN1] suspended the father's parenting time, again conditioned upon his participation in the domestic batterer's program, and issued no-contact orders of protection in favor of the mother and the child, effective into October 2023 (Matter of Stephanie R. v Walter Q., 203 AD3d at 1443 n 3).
In July 2019, following an alleged confrontation between them, the parties filed competing family offense petitions; the mother later withdrew her petition and unsuccessfully moved to dismiss the father's petition (Matter of Walter Q. v Stephanie R., 201 AD3d 1142, 1143-1145 [3d Dept 2022]). While the father's petition was pending, the mother filed an application to modify the operative orders of protection, asserting that the father was yet again attempting to circumvent them, this time by posting publicly accessible videos about the child online in which he communicated messages to the child while airing his grievances about the mother. The mother also filed a violation petition arising from the father's indirect communication with the [*2]child. The platform to which the subject videos were uploaded subsequently removed them for violating their community standards. After the father threatened to repost the videos, the mother moved, by order to show cause, for the relief sought in her modification petition on an interim basis. In November 2022, Supreme Court (Rowley, J.) entered temporary orders of protection in favor of the mother and the child prohibiting the father from, among other things, posting, uploading, publishing or disseminating physical images or audio recordings of the child on any social media sites/platforms or from distributing same to third parties for such purpose.
Subsequently, emails between counsel concerning these proceedings, as well as videos taken in court, were posted to several online platforms. The attorney for the child (hereinafter AFC) thereafter moved for an order prohibiting the father from recording court proceedings and from posting, or distributing for posting, emails, communications and papers exchanged between counsel that include the father's full name and the name of the child, among other relief. Supreme Court granted that motion in pertinent part and ordered that the father "is prohibited from posting on social media or distributing to third parties for the purpose of posting, uploading, publishing, or disseminating on any social media sites/platforms, emails, or documents between counsel in this matter containing the name of the subject child, . . . along with [the father's] full name, and references to the within [Integrated Domestic Violence] matter." The AFC also requested to be relieved from her assignment based upon, among other things, the father's practice of publishing allegedly slanderous information about her online. Supreme Court also granted that request. The father appeals from the two orders granting the AFC's motions.
Subject to a limited exception not applicable here, an appeal in a Family Ct Act proceeding may be taken as of right only from an order of disposition (see Family Ct Act § 1112 [a]). Although the interlocutory orders that the father appeals from resolved motions, neither of the orders are dispositional within the meaning of the Family Ct Act, and they are therefore not appealable as of right (see Matter of Donald OO. v Tiffany OO., 212 AD3d 951, 952 [3d Dept 2023]; Matter of Andzel-Graziano v Graziano, 193 AD3d 1282, 1283 [3d Dept 2021]; Matter of Saratoga County Dept. of Social Servs. v Morin, 182 AD3d 742, 743 [3d Dept 2020], appeal dismissed 35 NY3d 1057 [2020]; compare Matter of Josefina O. v Francisco P., 213 AD3d 1158, 1159 [3d Dept 2023]). The underlying hearing, upon which the disposition will be rendered, has been adjourned on multiple occasions. Given the procedural posture of this case and the lack of preservation and/or merit to the claims raised by the father, we decline to exercise our discretion to treat the notice of appeal as an application for permission to appeal (see Family Ct Act § 1112 [[*3]a]; Matter of Suzanne QQ. v Ben RR., 138 AD3d 1210, 1210 [3d Dept 2016], lv dismissed 27 NY3d 1126 [2016]; Matter of Alyssa L. [Deborah K.], 93 AD3d 1083, 1085-1086 [3d Dept 2012]). The issues raised by the father in his pro se supplemental brief, filed with this Court by permission granted upon application following oral argument, have been considered and do not alter this determination. Accordingly, we dismiss the appeals.
Egan Jr., Clark, Pritzker and Mackey, JJ., concur.
ORDERED that the appeals are dismissed, without costs.

Footnotes

Footnote 1: Following the father's arraignment, the matter was transferred to Supreme Court and referred to the Integrated Domestic Violence part for further proceedings.