■ In the Matter of THERESA CIOTTI, Respondent, v. SALVATORE BUTERA, Appellant.— In a support proceeding against a father, the latter appeals from a temporary order of the Family Court, Nassau County, entered March 18, 1965, which directed him to pay $60 a week for the support of his three minor children, "pending a final determination and until the entry of a final order." Appeal dismissed, with costs and disbursements. It appears that on August 3, 1965, while this appeal was pending, a final order was made and entered in the Family Court, directing appellant to pay $70 a week for the support of his three children. Upon the entry of that final order, the prior temporary order terminated and it is not now in effect. Hence, the instant appeal is moot. In any event, an appeal does not lie as of right from a temporary order of support (Family Ct. Act, § 1012; *Matter of Taylor* v. *Taylor,* 23 A D 2d 747). Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ PAULINE D'ANDRESSI et al., Appellants, v. CAROLSON REALTY CORP., Respondent.— In an action to recover damages for personal injuries, medical expenses and loss of services, plaintiffs appeal from so much of an order of the Supreme Court, Queens County, entered April 12, 1965 upon reconsideration of an earlier motion by plaintiffs to increase the *ad damnum* clause of the complaint from $60,000 to $265,000, as adhered to the court's original determination denying the said motion. Order, insofar as appealed from, reversed, without costs, and motion granted. Defendant shall have the right, upon proper application, to conduct further physical examination of the injured plaintiff and further examinations before trial as to plaintiffs' injuries and damages. It was an improvident exercise of discretion to deny leave to amend the *ad damnum* clause. (*Rose* v. *Walter Co.,* 42 Misc 2d 378 and cases cited.) Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.