■ ELKET FORBES, Appellant, v MARIA RIVERA, Respondent. — Appeal from order, Family Court, Bronx County (J. Sheindlin, J.), dated February 1, 1983 directing payroll deduction pursuant to section 49-b of the Personal Property Law, is dismissed, without costs. This appeal was taken to this court from a Family Court order without leave of this court. Appeals may be taken to this court from the Family Court as of right only from "any order of disposition"; other orders require permission of this court. (Family Ct Act, § 1112, subd a.)

No such permission was sought or granted in the present case. The appeal is from a payroll deduction order made under section 49-b of the Personal Property Law and section 448 of the Family Court Act to enforce a temporary order of support of November 30, 1982. Such an order in our view is not an order of disposition (cf. *Firestone v Firestone,* 44 AD2d 671; *Matter of Ciotti v Butera,* 24 AD2d 983), and accordingly an appeal cannot be taken as of right. Therefore, we dismiss the appeal. If we were not dismissing the appeal, we would affirm the order appealed from. The notice of appeal does not bring up for review the temporary order of support of November 30, 1982, or the final order of support apparently made on April 26, 1983. At a hearing on February 1, 1983, it sufficiently appeared that there was a temporary order for support made on November 30, 1982 (which required biweekly support payments of $100 to begin December 6, 1982); that appellant made only $91 in payments; that he obtained a job at a salary of $15,000 per annum. This was sufficient to justify the court's making a payroll deduction order to enforce the temporary order of support. Concur — Silverman, Fein and Milonas, JJ.

Sandler, J. P., and Kassal, J., dissent in a memorandum by Sandler, J. P., as follows: I disagree both with the court's determination to dismiss the appeal, and the further observation that if the appeal were not being dismissed, the order would be affirmed. In my opinion, this court should *sua sponte* grant leave to appeal in order to reach the merits and then vacate what I find to be an unjustifiable payroll deduction order imposed without any apparent consideration of the relevant criteria and after a brief, inadequate hearing. On March 3, 1982 an order of filiation was entered in Family Court declaring appellant to be the father of respondent's then 15-month-old child. Significantly, the proceeding was initiated by appellant after the respondent mother had succeeded in appointing the child's maternal grandmother, who lived in Puerto Rico, as the child's guardian. Thereafter, on March 10, 1982 appellant brought a proceeding in Family Court seeking custody of the child (Family Ct Act, § 651), and contemporaneously sought, successfully, to revoke the letters of guardianship entered in the Surrogate's Court. On June 30, 1982 the Family Court awarded appellant visitation rights, but not custody. On October 26, 1982 appellant filed a petition alleging that respondent had violated the visitation order, and seeking an extension of his visitation rights. On November 30, the Family Court granted appellant additional visitation rights, and entered a temporary order of support ($100 biweekly) commencing December 6, 1982 based on his potential income. Although appellant was then unemployed, the court deemed him capable of obtaining employment and earning a minimum wage. On December 6 appellant petitioned the court for a downward modification of the support order on the ground that he was still unemployed. Respondent countered with a petition alleging that appellant was in default on his payments. Both petitions came on for hearing on February 1, 1983. It was this hearing that resulted in the income deduction order entered on that date that is the subject of the present appeal. On April 26, 1983 the temporary order of support was made final. Section 49-b (subd 1, par [a]) of the Personal Property Law provides that an income deduction order may be entered by a court upon a showing of good cause: "In determining good cause, the court may take into consideration evidence of the degree of the respondent's past financial responsibility, credit references, credit history, and any other matter the court considers relevant in determining the likelihood of payment in accordance with the support order. Proof that the respondent is three payments delinquent establishes a prima facie case against the respondent, which can be overcome only by proof of respondent's inability to make the payments." The record of the hearing on February 1, 1983 discloses that appellant had paid only the sum of $91 until that date, a circumstance that by itself provides

support for the Family Court's determination. However, the record also discloses that appellant had obtained employment at an annual salary of $15,000 the day before the hearing, and had not yet received his first paycheck. In the absence of any evidence that while unemployed appellant had been in possession of resources sufficient to pay the support previously ordered, or that he had willfully delayed securing employment, it is difficult to perceive why this telling fact did not satisfactorily establish appellant's previous "inability to make the payments". The record discloses no inquiry whatever concerning appellant's willingness to comply with the temporary support order in light of his just-secured employment, nor any concerning the efforts he had made to obtain employment prior to January 31, 1983. The conclusion is difficult to avoid that a normally able and conscientious Trial Judge, acting under the pressure of business in an overburdened court, responded viscerally to appellant's failure to make timely payments while he was unemployed, without adequate consideration of the controlling criteria, and without anything approaching an adequate factual investigation. I do not believe that appellant on this record merited the stigma implicit in the order entered against him. This is not the more familiar situation of a father who turned away from an unwanted child. Quite the contrary, previous proceedings initiated by appellant clearly demonstrate a strong and genuine concern for his child of a kind difficult to reconcile with a willful refusal to provide support. Coupled with a clear showing that appellant had been previously financially unable to make the support payments, and the inadequate character of the hearing, I can see no justification for denying appellant at least one opportunity to demonstrate his willingness to pay voluntarily, without the constraint of a stigmatizing order.