■ In the Matter of GERALD A. HARLEY, Appellant, v JAC-QUELINE A. HARLEY, Respondent. (And Another Related Proceeding.)—Levine, J. Appeals (1) from an order of the Family Court of Rensselaer County (Perkinson, J.), entered August 7, 1986, which, in two proceedings pursuant to Family Court Act articles 6 and 8, dismissed the applications for lack of jurisdiction, and (2) from an order of said court, entered November 26, 1985, which awarded Gerald A. Harley temporary visitation of the parties' children.

In January 1985, Jacqueline A. Harley (hereinafter the wife) commenced an action for divorce against Gerald A. Harley (hereinafter the husband) in Supreme Court, Schenectady County. A subsequent proceeding brought by the husband in Rensselaer County Family Court (hereinafter Family Court) seeking custody of the parties' two minor children was dismissed for lack of jurisdiction due to the pendency of the divorce action in Supreme Court, Schenectady County (see, NY Const, art VI, § 13 [b], [c]; Matter of Poliandro v Poliandro, 119 AD2d 577, 578, appeal dismissed 68 NY2d 908). Thereafter, Supreme Court, Schenectady County, referred all matters concerning custody, visitation, maintenance, child support and counsel fees to Family Court for a determination on the merits (see, NY Const, art VI, § 13 [c]). Family Court conducted hearings and issued two orders regarding the husband's visitation with two of the minor children who resided with the wife. The first order provided for overnight visitation during the week while the children were on summer vacation. The second order modified the first and disallowed such overnight visitation during the week once the children returned to school. The husband has appealed from that order.

In the interim, the parties stipulated to a change of venue of the divorce action from Supreme Court, Schenectady County, to Supreme Court, Rensselaer County. The husband then filed another petition in Family Court seeking custody of the minor children which, along with the wife's cross petition, was dismissed for lack of jurisdiction on the ground of the pendency of the divorce action in Supreme Court, Rensselaer County. The husband has also appealed from that order. Both appeals must be dismissed.

Family Court's order modifying the husband's visitation was made pending a hearing on all issues then before the court and, thus, was not a final order (see, Matter of Ciotti v Butera, 24 AD2d 983). Accordingly, an appeal as of right does not lie (supra; see, Family Ct Act § 1112; Matter of Young v Morse, 92 AD2d 706) and, since the husband did not seek permission to appeal, the matter is not properly before us (see, Firestone v Firestone, 44 AD2d 671, 672; cf., Matter of Farrugia Children, 106 AD2d 293). In the procedural posture of this case, there is no reason to treat the notice of appeal as a request for permission to appeal.

Regarding Family Court's dismissal of the husband's second petition for custody, subsequent thereto, Supreme Court, Rensselaer County, transferred all matters relative to custody, visitation, maintenance, child support and counsel fees to Family Court for determination on the merits. Thus, the appeal of Family Court's dismissal of the petition has been rendered moot (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714).

Appeals dismissed, without costs. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.