■ In the Matter of HARRIET J. EPSTEIN, Appellant, v JAY M. EPSTEIN, Respondent. [621 NYS2d 710] —White, J. Appeal from an order of the Family Court of Saratoga County (Ferradino, J.), entered June 9, 1994, which, in a proceeding pursuant to Domestic Relations Law § 37-a, stayed enforcement of a foreign child support order pending resolution of a proceeding commenced by respondent in Florida.

This appeal arises out of matrimonial litigation that has stretched out over 12 years. For our purposes the pertinent facts are that, in December 1982, petitioner was granted a judgment of divorce in Florida which obligated respondent to pay $2,000 per month in child support. Thereafter, in July 1990, petitioner obtained an order on default in Florida establishing respondent's child support arrearages. In the interim, respondent had moved to Saratoga County where, in January 1991, petitioner registered the Florida judgment of divorce and order of arrearages as foreign support orders (Domestic Relations Law § 37-a). Respondent moved to vacate the registration (Domestic Relations Law § 37-a [6] [b]) and, in April 1991, moved in Florida to vacate the 1990 order of arrearages.

He then moved in Family Court for a stay pending disposition of the Florida motion. By order dated May 16, 1991, Family Court granted a stay on condition that respondent deposit $3,500 per month with the Saratoga County Support Collection Unit. In a subsequent order dated October 15, 1991, respondent's obligation to make the $3,500 monthly deposit was stayed.

Matters lay dormant until February 17, 1994 when petitioner's attorney advised Family Court that the Florida court had dismissed respondent's motion for failure to prosecute. Petitioner's attorney misconstrued the order in that it did not dismiss respondent's April 1991 motion to vacate the 1990 order of arrearages but rather dismissed a subsequent motion respondent made in September 1991 to modify the 1982 judgment of divorce. In any event, respondent's attorney promptly notified Family Court that the dismissed Florida proceeding had been reinstituted. Following an exchange of correspondence, Family Court, by order entered June 9, 1994, issued a stay pending final determination of the Florida proceedings on condition that respondent post a $6,000 security payment, which he did. This appeal ensued.

Family Court's issuance of a stay was not an order of disposition since it merely suspended the proceedings before it (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2201:1, at 7). Accordingly, an appeal as of right does not lie and, since petitioner did not seek permission to appeal, this matter is not properly before us (see, Family Ct Act § 1112 [a]; Matter of Zimmer v Peno, 194 AD2d 928, 929, lv dismissed 82 NY2d 802; Matter of Harley v Harley, 129 AD2d 843, 844). In any event, if this matter was before us, we would affirm since Family Court acted well within its discretion in issuing the stay since the determination of the validity of the 1990 Florida order of arrearages, as well as the parties' rights and obligations under their divorce decree, are best made by the Florida court. Moreover, petitioner is not unduly prejudiced since respondent has posted security and she can move in Family Court to vacate the stay if she believes circumstances warrant such relief.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.