In the Matter of CHRISTIAN NN., a Child Alleged to be Abused. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LUIS OO., Appellant. [936 NYS2d 580]—

Malone Jr., J. 

Pursuant to a fact-finding order entered in September 2010, respondent was found to have derivatively abused the subject child (born in 2010). Family Court made this determination based upon its previous finding that respondent had, among other things, severely abused and derivatively abused his two older daughters (*Matter of Kayden E. [Luis E.]*, 88 AD3d 1205 [2011], *lv denied* 18 NY3d 803 [2012]). Respondent has never had custody or visitation with the subject child, who lives with his maternal grandmother in Missouri, and apparently the only issue with respect to a disposition was whether respondent should be permitted visitation with the child. Following a hearing, Family Court, by a nonfinal order entered in December 2010, determined that psychological or psychiatric examinations of respondent and the child would be necessary before it could determine whether visitation between the child and respondent would be appropriate. Respondent now appeals only from the December 2010 order, arguing only that the finding of derivative abuse, made in the September 2010 order, is not supported by the record.

While all orders, including nonfinal orders, are appealable as of right in Family Court Act article 10 proceedings (*see* Family Ct Act § 1112 [a]), generally, only an appeal from a final order brings up for review a prior order issued in the proceeding (*see* CPLR 5501 [a] [1]; *see also Matter of Christina BB.*, 291 AD2d 738, 738 [2002], *lv denied* 98 NY2d 605 [2002]). Here, although respondent could have appealed from the order of factfinding as of right (*see* Family Ct Act § 1112 [a]), he never did. Inasmuch as the December 2010 order is not a final "order of disposition" (Family Ct Act § 1052 [a]), respondent's appeal from such does not bring up for review the prior September 2010 fact-finding order. Respondent makes no arguments with respect to the December 2010 order, which is the only one properly before us,

and we find no reason to disturb it (*see Matter of Jahmeiah S.-W.*, 21 AD3d 564, 565 [2005]).

Mercure, A.P.J., Lahtinen, Spain and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.