*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015                    520271
_____

In the Matter of DAWN McCOY,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

TIMOTHY McCOY,
                    Respondent.
_____

Calendar Date:  October 22, 2015

Before:  Peters, P.J., Garry, Rose and Clark, JJ.

                    _____


        Ferrara & Sullivan, Monticello (John Ferrara of counsel),
for appellant.

        Timothy McCoy, Hurleyville, respondent pro se.

                    _____


Clark, J.

        Appeal from an order of the Family Court of Sullivan County
(McGuire, J.), entered May 7, 2014, which, in a proceeding
pursuant to Family Ct Act article 4, partially granted
respondent's objections to an order of a Support Magistrate.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the divorced parents of two children
(born in 2000 and 2003).  In February 2012, the father petitioned
for a downward modification of his child support obligation as
dictated by a prior order of support.  Shortly thereafter, in
June 2012, the mother commenced the instant matter and cross-
petitioned seeking an increase in the amount of child support
chargeable to the father.  Following a hearing, the Support
Magistrate issued two orders; the first dismissed the father's
petition and the second granted the mother's petition and ordered

an increase in the father's biweekly child support obligation, as well as his pro rata share of the child care and unreimbursed medical expenses. Upon the father's timely objections to the order granting the mother's petition, Family Court agreed that the Support Magistrate failed to deduct a portion of the father's business expenses from his gross income. Thus, Family Court partially granted the father's objections and remanded the case to the Support Magistrate for a recalculation of his child support obligation. The mother appeals.

The mother's appeal must be dismissed. But for very limited circumstances involving abuse or neglect, no appeal lies as of right from a nondispositional order of Family Court (see Family Ct Act §§ 439 [e]; 1112 [a]; Matter of Ameillia RR. [Megan SS.], 95 AD3d 1525, 1526 [2012]). Here, the order being appealed from is a nonfinal order that remanded the matter to the Support Magistrate for recalculation of the father's support obligation.[1] As the mother did not seek permission to appeal, the matter is not properly before us (see Family Ct Act § 1112 [a]). Furthermore, because no determination of support was made by Family Court, we decline to treat the mother's notice of appeal as a request for permission to appeal or to grant permission to appeal (see Matter of Harley v Harley, 129 AD2d 843, 844 [1987]).

Peters, P.J., Garry and Rose, JJ., concur.

---

[1]  A subsequent order from the Support Magistrate determining the father's child support obligation appears in the record. However, the record does not indicate whether the mother objected to this order or has appealed from it.

ORDERED that the appeal is dismissed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court