*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 5, 2016                    521074
_____

In the Matter of MICKAYLA WW.,
    Alleged to be a Person in
    Need of Supervision.

SULLIVAN COUNTY DEPARTMENT OF
    FAMILY SERVICES,                         MEMORANDUM AND ORDER
                    Respondent;

MICKAYLA WW.,
                    Appellant.
_____

Calendar Date:   March 23, 2016

Before:   Peters, P.J., Lahtinen, Rose, Lynch and Aarons, JJ.

                    _____

        Jane M. Bloom, Monticello, for appellant.

        Glen H. Rosenstein, Sullivan County Department of Family
Services, Monticello, for respondent.

                    _____

Rose, J.

        Appeal from an order of the Family Court of Sullivan County
(McGuire, J.), entered December 29, 2014, which, in a proceeding
pursuant to Family Ct Act article 7, temporarily placed
respondent in petitioner's custody.

        Petitioner filed a juvenile delinquency petition against
respondent (born in 2001) and, at respondent's arraignment,
requested that she undergo an inpatient psychological evaluation.
Family Court granted petitioner's request and issued an initial
order placing respondent in petitioner's custody and remanding
her for an inpatient evaluation at a mental health facility.

After the completion of the evaluation, the parties agreed that petitioner would withdraw the juvenile delinquency petition and file a person in need of supervision (hereinafter PINS) petition in its place. Respondent then admitted to the allegations in the PINS petition and, following fact-finding and dispositional hearings, Family Court issued a December 2014 order pursuant to Family Ct Act § 739 temporarily remanding respondent to the care and custody of petitioner and detaining her at a residential treatment facility pending a final dispositional order. Respondent appeals from this temporary order.

The appeal must be dismissed. Inasmuch as both the language of Family Court's December 2014 detention order and its statutory authority contemplate further proceedings related to the underlying PINS petition (see Family Ct Act § 739 [a]), it is a nondispositional order. Accordingly, the order is not appealable as of right, and respondent never sought leave to appeal from it (see Family Ct Act § 1112 [a]; Matter of McCoy v McCoy, 134 AD3d 1206, 1207 [2015]; Matter of Tina X. v John X., 134 AD3d 1174, 1175 [2015]). Further, we decline to treat respondent's notice of appeal as an application for leave to appeal, as the order has been superceded by a final order of disposition.

Respondent's additional challenge to Family Court's initial order directing that she undergo an inpatient mental health evaluation is also not properly before us. Generally, "only an appeal from a final order brings up for review a prior order issued in the proceeding" (Matter of Christian NN. [Luis OO.], 91 AD3d 1148, 1148 [2012]; see CPLR 5501 [a] [1]). In any event, we note that the evaluation was completed and the resulting report was admitted into the hearing record without objection.

Peters, P.J., Lahtinen, Lynch and Aarons, JJ., concur.

ORDERED that the appeal is dismissed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court