Matter of Saratoga County Dept. of Social Servs. v Morin (2020 NY Slip Op 02219)





Matter of Saratoga County Dept. of Social Servs. v Morin


2020 NY Slip Op 02219


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

527988

[*1]In the Matter of Saratoga County Department of Social Services, on Behalf of Maryse Patenaude, Respondent,
v
Johnny Morin, Appellant.

Calendar Date: February 14, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Vincent U. Uba, Albany, for appellant.
Stephen M. Dorsey, County Attorney, Ballston Spa (Michelle W. Granger of counsel), for respondent.



Mulvey, J.
Appeals (1) from an order of the Family Court of Saratoga County (Jensen, J.), entered May 30, 2018, which, in a proceeding pursuant to Family Ct Act article 4, denied respondent's motion to, among other things, vacate an order of support, and (2) from an order of said court, entered October 4, 2018, which denied respondent's motion to dismiss the petition.
Respondent, who lives in Saratoga County, is the father of two children (born in 1998 and 2002) who reside with their mother in Quebec, Canada. In 2015, the mother commenced a proceeding for custody and child support in Quebec. The Quebec court granted the petition on respondent's default and issued an order for child support against respondent (hereinafter the Quebec order). In 2016, the Child Support Processing Center filed a request to register the Quebec order in this state for enforcement purposes (see Family Ct Act § 580-602 [a]). After the Quebec order was registered, respondent moved to vacate the registration order (see Family Ct Act § 580-607 [a]). Following a hearing, the Support Magistrate dismissed respondent's application. Respondent did not file objections to that order. Thereafter, petitioner, on behalf of the mother, commenced a violation proceeding against respondent for his failure to comply with the Quebec order. In March 2017, the Support Magistrate issued an order of disposition on consent, finding, among other things, that respondent failed to obey the Quebec order but that such failure was not willful, and established his monthly support and arrearage payments.
In July 2017, petitioner commenced this violation proceeding, alleging that respondent failed to make payments as required by the March 2017 order. Respondent moved to, among other things, vacate the Quebec order for various reasons. After a hearing, the Support Magistrate issued an amended order denying the omnibus motion. Respondent filed objections to the Support Magistrate's order. In May 2018, Family Court agreed with the Support Magistrate that respondent's omnibus motion must be denied. Respondent separately moved to dismiss this proceeding on the ground of forum non conveniens. After an appearance, the Support Magistrate issued two orders, one denying respondent's motion to dismiss and the other resolving the violation petition on consent. Respondent submitted objections to the order denying his motion but not to the order of disposition. In October 2018, Family Court denied the objections, finding that the Support Magistrate properly denied respondent's motion. Respondent appeals from Family Court's May 2018 and October 2018 orders.
We dismiss the appeals. "But for very limited circumstances involving abuse or neglect, no appeal lies as of right from a nondispositional order of Family Court" (Matter of McCoy v McCoy, 134 AD3d 1206, 1207 [2015] [citations omitted]; see Family Ct Act § 1112 [a]; see also Family Ct Act § 439 [e]). The interlocutory orders that respondent has appealed from resolved motions but did not address the final disposition of the violation petition. Although an appeal from the final dispositional order would have brought up for review prior nonfinal orders issued in the proceeding (see CPLR 5501 [a] [1]), respondent did not file objections to or an appeal from the dispositional order. Under the circumstances, and considering that respondent consented to the dispositional order without reserving his right to contest the determinations of his motions, we decline to treat respondent's notices of appeal as requests for permission to appeal or to grant permission to appeal (see Matter of Mickayla WW., 139 AD3d 1150, 1151 [2016]; Matter of McCoy v McCoy, 134 AD3d at 1207; Matter of Harley v Harley, 129 AD2d 843, 844 [1987]).
Garry, P.J., Egan Jr., Aarons and Colangelo, JJ., concur.
ORDERED that the appeals are dismissed, without costs.