Matter of Cortland County Dept. of Social Servs. v Martin (2020 NY Slip Op 02227)





Matter of Cortland County Dept. of Social Servs. v Martin


2020 NY Slip Op 02227


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

528984

[*1]In the Matter of Cortland County Department of Social Services, on Behalf of Jessica Burlingame, Appellant,
v
Daniel Martin, Respondent.

Calendar Date: February 13, 2020

Before: Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Cortland County Department of Social Services, Cortland (Stacy L. Banewicz of counsel), for appellant.



Garry, P.J.
Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered March 1, 2019, which, in a proceeding pursuant to Family Ct Act article 4, among other things, denied petitioner's objections to an order of child support and sua sponte vacated said order.
Jessica Burlingame (hereinafter the mother) and respondent (hereinafter the father) are the parents of one child (born in 2010). The mother filed a petition seeking child support and, in June 2017, a Support Magistrate ordered, as pertinent here, that the father pay the mother a specified amount. Due to her receipt of public assistance, petitioner sought an increase in support upon the mother's behalf in October 2018, on the ground that the father had a substantial change in his income. In January 2019, following a fact-finding hearing, the Support Magistrate ordered the father to pay the mother an increased amount in child support, and directed the mother to pay a share of any uncovered health care or child care expenses. Petitioner objected, arguing that the mother was not a party to the proceeding, due to her assignment of rights to petitioner. In March 2019, Family Court denied the objections, but vacated the order and remanded the case to the Support Magistrate, finding that petitioner failed to provide proof to support a modification. Petitioner appeals.[FN1]
Petitioner's appeal must be dismissed. "But for very limited circumstances involving abuse or neglect, no appeal lies as of right from a nondispositional order of Family Court" (Matter of McCoy v McCoy, 134 AD3d 1206, 1207 [2015]; see Family Ct Act § 1112 [a]; Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1112 at 256). Here, the order appealed from was nonfinal; Family Court remanded the matter to the Support Magistrate. Moreover, the record does not indicate that petitioner sought permission to appeal Family Court's determination; therefore, the matter is not properly before us (see Family Ct Act § 1112 [a]). The Family Court order made no determination as to the parties' support obligations, and the record further indicates that the Support Magistrate thereafter entered an order in April 2019, superseding the order upon appeal. We thus decline to treat petitioner's notice of appeal as a request for permission to appeal (see Matter of McCoy v McCoy, 134 AD3d at 1207; see generally Matter of Tina X. v John X., 134 AD3d 1174, 1175 [2015]; Matter of Crooks v Smith, 260 AD2d 804, 804-805 [1999]).[FN2]
Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1: The father has not filed a brief in this matter.

Footnote 2: Although the April 2019 order appears in the record, there is no indication as to whether petitioner objected to or appealed from the later order (see Matter of McCoy v McCoy, 134 AD3d at 1207 n), nor whether that order was confirmed by Family Court, thus allowing it to be appealed as of right (see Family Ct Act § 439 [e]; Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1112, at 255).