Matter of Andzel-Graziano v Graziano (2021 NY Slip Op 02570)





Matter of Andzel-Graziano v Graziano


2021 NY Slip Op 02570


Decided on April 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 29, 2021

529538
[*1]In the Matter of Michelle Andzel-Graziano, Appellant,
v
John Graziano Jr., Respondent. (And Another Related Proceeding.)

Calendar Date:March 18, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Stephen L. Molinsek, LLC, Delmar (Stephen L. Molinsek of counsel), for appellant.
Assaf & Siegal PLLC, Albany (David M. Siegal of counsel), for respondent.



Colangelo, J.
Appeal from an order of the Family Court of Albany County (Maney, J.), entered June 13, 2019, which, in two proceedings pursuant to Family Ct Act article 4, granted respondent's motion to disqualify petitioner's counsel.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of two children (born in 1998 and 2001). The judgment of divorce incorporated without merger the parties' oral stipulation of settlement placed on the record in open court in March 2017 that resolved, among other things, the issues of custody and child support. In September 2018, the mother filed a modification petition seeking to recalculate the father's support obligation based upon an alleged unanticipated change in circumstances. In October 2018, the mother filed a support violation/enforcement petition alleging that the father had, among other things, failed to pay certain expenses as required by the stipulation of settlement. The father thereafter filed an answer to each petition and moved to disqualify the mother's counsel from representing her in both proceedings based upon an alleged conflict of interest — namely, that the father had consulted with the mother's counsel in 2011 prior to commencing the divorce action. The mother opposed the disqualification motions. In December 2018, a Support Magistrate granted the father's motions to disqualify the mother's counsel and, following an objection filed by the mother and rebuttal filed by the father, Family Court, in a June 2019 order, denied the objection and affirmed the Support Magistrate's order of disqualification. The mother appeals.[FN1]
We dismiss the appeal. "But for very limited circumstances involving abuse or neglect, no appeal lies as of right from a nondispositional order of Family Court" (Matter of Saratoga County Dept. of Social Servs. v Morin, 182 AD3d 742, 743 [2020] [internal quotation marks and citations omitted], appeal dismissed 35 NY3d 1057 [2020]; see Family Ct Act § 1112 [a]; Matter of Kaleb EE. v Kaleb EE., ___ AD3d ___, ___, 2021 NY Slip Op 01825 *1 [2021]). The interlocutory order appealed from resolved the father's disqualification motion but did not address the dismissal of the support modification petition, the final disposition in that proceeding. Although an appeal from the final dispositional order in the modification proceeding would have brought up for review the prior nonfinal disqualification order (see CPLR 5501 [a] [1]), no appeal was taken therefrom. Accordingly, we decline to treat the instant notice of appeal as a request for permission to appeal or to grant permission to appeal (see Matter of Saratoga County Dept. of Social Servs. v Morin, 182 AD3d at 743; compare Matter of Sosa v Serrano, 130 AD3d 636, 637 [2015]; Matter of Guerin v Guerin, 210 AD2d 784, 784 [1994]).
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1: In December 2019, Family Court granted the mother's request to withdraw her violation/enforcement petition and dismissed the petition without prejudice pursuant to CPLR 3217 (b). In June 2020, the Support Magistrate dismissed the modification proceeding and, on November 2, 2020, Family Court denied the mother's objections to the Support Magistrate's order and affirmed the dismissal of that petition.