Matter of Melissa OO. v Rotisha PP. (2022 NY Slip Op 06038)

Matter of Melissa OO. v Rotisha PP.

2022 NY Slip Op 06038

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

533424
[*1]In the Matter of Melissa OO. Petitioner,
v
Rotisha PP., Respondent, and Rasool QQ., Appellant. (Proceeding No. 1.)
In the Matter of Rasool QQ., Appellant,
v
Rotisha PP., Respondent. (Proceeding No. 2.)

Calendar Date:September 9, 2022

Before:Garry, P.J., Egan Jr., Lynch, Clark and Ceresia, JJ.

Todd G. Monahan, Schenectady, for appellant.
Alexandra J. Buckley, Clifton Park, for respondent.
Mitchell S. Kessler, Cohoes, attorney for the child.

Clark, J.
Appeal from an order of the Family Court of Schenectady County (Kevin A. Burke, J.), entered May 17, 2021, which, in two proceedings pursuant to Family Ct Act article 6, modified a temporary order of custody and visitation.
Rotisha PP. (hereinafter the mother) and Rasool QQ. (hereinafter the father) are the parents of a child (born in 2016), and petitioner Melissa OO. is the subject child's grandmother (hereinafter the grandmother). Although the notice of appeal and the order appealed from only list two proceedings, the record makes clear that a number of other proceedings pursuant to Family Ct Act article 6, as well as several other proceedings pursuant to Family Ct Act article 8, were also pending before Family Court, some since 2019. Throughout the pendency of these proceedings, Family Court issued several temporary orders of custody and parenting time. Through a temporary order entered March 11, 2021, Family Court granted the parties three-way joint legal custody of the child, while the grandmother was granted primary physical custody and the parents were each granted daytime parenting time as they and the grandmother may mutually agree. On March 22, 2021, the grandmother filed an amended petition. During a virtual appearance on May 3, 2021, the mother's counsel complained that the mother had been unable to exercise parenting time with the child for over a month because the father had been withholding the child. After allowing each party to speak to their respective counsel, the grandmother's counsel confirmed that the grandmother also had not seen the child in approximately two weeks, despite requesting that the father return the child to her care. Family Court, in an oral ruling, then issued a new temporary order basically continuing the provisions of the March 11, 2021 temporary order, but directing the father to return the child to the grandmother's care by 3:00 p.m. on that day and suspending the father's parenting time for a week. Said order was reduced to writing through a temporary order entered on May 17, 2021. The father appeals from that temporary order.
Family Court's May 2021 temporary order was made pending a hearing on all proceedings and issues before the court. No appeal as of right lies from a nondispositional order (see Family Ct Act § 1112 [a]; Matter of McCoy v McCoy, 134 AD3d 1206, 1207 [3d Dept 2015]; Matter of Harley v Harley, 129 AD2d 843, 844 [3d Dept 1987]). Because the father did not seek permission to appeal, the matter is not properly before us (see Family Ct Act § 1112 [a]). Further, we decline to treat the father's notice of appeal as a request for permission to appeal (see Matter of Suzanne QQ. v Ben RR., 138 AD3d 1210, 1210 [3d Dept 2016], lv dismissed 27 NY3d 1126 [2016]; Matter of Harley v Harley, 129 AD2d at 844).[FN1]
Garry, P.J., Egan Jr., Lynch and Ceresia, JJ., concur.
ORDERED that the appeal is dismissed, without costs.

Footnotes

Footnote 1: The attorney for the child urged the Court to deny the father's requested relief because related matters were still pending in Family Court, including Family Ct Act article 10 proceedings.