Matter of Anthony T. v Melissa U. (2022 NY Slip Op 07287)

Matter of Anthony T. v Melissa U.

2022 NY Slip Op 07287

Decided on December 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 22, 2022

534560
[*1]In the Matter of Anthony T., Appellant,
v
Melissa U., Respondent.

Calendar Date:November 21, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Matthew C. Hug, Albany, for appellant.
Thomas R. Villeco, Albany, for respondent.
William V. O'Leary, Albany, attorney for the child.

Aarons, J.
Appeal from an order of the Family Court of Albany County (Sherri Brooks-Morton, J.) entered December 27, 2021, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2011). Pursuant to a 2013 order, the mother has sole custody of the child, with the father, who has been incarcerated since 2012, being allowed to write letters to the child and to receive photographs of the child. In 2020, the father commenced this modification proceeding seeking in-person visitation with the child, as well as regular contact by phone and mail. Following fact-finding and Lincoln hearings, Family Court rendered an oral decision dismissing the petition. The court's decision was subsequently embodied in a December 2021 order, from which the father appeals.
As an initial matter, the 2013 order provided that, once the child turned five years old, the father could petition for an expansion of visitation. Accordingly, whether the father met his threshold burden of proving a change in circumstances since the entry of the 2013 order is not at issue and, in any event, the parties do not dispute that such threshold showing was satisfied (see Matter of Shokralla v Banks, 130 AD3d 1263, 1264 [3d Dept 2015]). That said, visitation with a noncustodial parent, including an incarcerated parent, is presumed to be in the best interests of the child, and the party opposing visitation may overcome this presumption with "compelling reasons and substantial proof that visitation would be harmful to the child" (Matter of Dharamshot v Surita, 150 AD3d 1436, 1437 [3d Dept 2017] [internal quotation marks and citations omitted]; see Matter of Perry v LeBlanc, 158 AD3d 1025, 1027 [3d Dept 2018]).
Contrary to the father's assertion, Family Court did not improperly shift the burden of proof to him. Nevertheless, the court's determination lacks a sound and substantial basis in the record. Although the court recited that its determination was based upon the proof adduced at the fact-finding and Lincoln hearings, it did not make factual findings. Furthermore, the record is also not sufficiently developed in order for us to make an independent determination. In this regard, at the fact-finding hearing, the father withdrew his request for in-person visitation with the child and, on appeal, the father requests monthly telephone contact with the child. The mother testified that she opposed additional visitation than what was provided for in the 2013 order because the child showed signs of fear and apprehension, did not have a relationship with the father and was not engaged in writing letters to the father. The mother also testified that the child has a fear associated with prison and violence.
Other than the mother's conclusory testimony, there was scant evidence, if any, demonstrating that the child having [*2]telephone contact with the father would be detrimental to the child's welfare (see Matter of Brown v Erbstoesser, 85 AD3d 1497, 1499 [3d Dept 2011]; compare Matter of Abare v St. Louis, 51 AD3d 1069, 1071 [3d Dept 2008]; Matter of Thaxton v Morro, 222 AD2d 955, 956-957 [3d Dept 1995]). Moreover, even crediting the mother's testimony about the child's fear, it is unclear whether such fear relates to in-person visitation with the father at a prison or to telephone calls, as the father now requests. Because the record evidence is not sufficiently developed to determine whether the father should be awarded monthly telephone contact with the child, the matter must be remitted for a new hearing.[FN1]
Egan Jr., J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, without costs and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Although the attorney for the child argues for affirmance, such position is one factor to be considered and is not determinative (see Porcello v Porcello, 80 AD3d 1131, 1134 [3d Dept 2011]).