Matter of Donald OO. v Tiffany OO. (2023 NY Slip Op 00131)

Matter of Donald OO. v Tiffany OO.

2023 NY Slip Op 00131

Decided on January 12, 2023 

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 12, 2023 

533157
[*1]In the Matter of Donald OO., Appellant,
v
Tiffany OO. et al., Respondents. (And Another Related Proceeding.)

Calendar Date:December 15, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Rural Law Center of New York, Inc., Castleton (Keith F. Schockmel of counsel), for appellant.
John N. Clo, Gloversville, attorney for the children.

Ceresia, J.
Appeal from an order of the Family Court of Fulton County (J. Gerard McAuliffe Jr., J.), entered March 9, 2021, which, in a proceeding pursuant to Family Ct Act article 6, granted the attorney for the children's motion to direct the maternal grandfather to produce the children for a meeting with the attorney for the children.
Respondent Tiffany OO. (hereinafter the mother) and respondent Christopher PP. (hereinafter the father) are the parents of two children (born in 2005 and 2010) who, despite there being no applicable court order, have been in the custody of Donald OO. (hereinafter the maternal grandfather) since 2015. In September 2019, the maternal grandfather filed a petition for custody of the children, and, thereafter, the mother filed a petition purporting to be one for enforcement of a prior custody order. During the pendency of these proceedings, the maternal grandfather, citing fears over the ongoing COVID-19 pandemic, refused requests by the attorney for the children (hereinafter AFC) to meet with the children in person. Because of this, the AFC moved for a court order directing the maternal grandfather to produce the children. In March 2021, Family Court granted the AFC's motion and directed the maternal grandfather to produce the children to the AFC's office by April 2, 2021. The maternal grandfather appeals.
Family Court's March 2021 order was made pending a hearing on the underlying petitions and, as such, no appeal as of right lies from this nondispositional order (see Family Ct Act § 1112 [a]; Matter of Andzel-Graziano v Graziano, 193 AD3d 1282, 1283 [3d Dept 2021]). Because the maternal grandfather did not seek permission to appeal, this matter is not properly before us and we decline to treat the notice of appeal as a request for permission to appeal (see Matter of Melissa OO. v Rotisha PP., 209 AD3d 1193, 1194 [3d Dept 2022]; compare Matter of James R. v Jennifer S., 188 AD3d 1509, 1510 n 1 [3d Dept 2020]). Moreover, the record reflects that the maternal grandfather and the mother have both since withdrawn the underlying custody petitions. Therefore, "in the absence of any substantive indication that the rights of the parties will 'be directly affected by the determination of the appeal,' it is moot" (Matter of Lasko v Board of Educ. of the Watkins Glen Cent. Sch. Dist., 200 AD3d 1260, 1261 [3d Dept 2021], quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; see Matter of Tyrell FF. [Jaquasisa GG.], 166 AD3d 1331, 1332 [3d Dept 2018], appeal dismissed 33 NY3d 1063 [2019]). The narrow exception to the mootness doctrine is inapplicable here, as the issue presented — namely, whether the court appropriately ordered an in-person meeting between the AFC and the children during a global pandemic — is not likely to recur (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 811 [2003], cert denied 540 US 1017 [2003]; Matter of Hearst Corp. v Clyne, 50 NY2d at 714-715; Matter of Supreme Ct. Justices Assn. of [*2]the City of N.Y., Inc. v Administrative Bd. of the N.Y. State Unified Ct. Sys., 209 AD3d 1178, 1180 [3d Dept 2022]).
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ordered that the appeal is dismissed, without costs.