Matter of Lisa S. v Michael G. (2025 NY Slip Op 00006)

Matter of Lisa S. v Michael G.

2025 NY Slip Op 00006

Decided on January 2, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 2, 2025

CV-23-1545
[*1]In the Matter of Lisa S., Respondent,
v
Michael G., Appellant.

Calendar Date:November 18, 2024

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Mackey, JJ.

Theresa M. Suozzi, Saratoga Springs, for appellant.
Ellen S. Ross, Johnstown, for respondent.
Jessica H. Vinson, Delmar, attorney for the child.

Mackey, J.
Appeal from an order of the Family Court of Montgomery County (Michael G. Dayian, J.), entered July 17, 2023, which, in a proceeding pursuant to Family Ct Act article 4, among other things, dismissed respondent's constructive emancipation defense and continued a temporary order of support.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2004). Pursuant to a 2019 order entered upon consent, the parties shared joint legal custody of the child, with the mother having primary physical custody and the father having scheduled parenting time. In 2021, the mother, who resided with the child in Arizona, filed a petition for an order of child support. The father moved to dismiss the petition for, among other things, lack of jurisdiction. In an April 2022 order, a Support Magistrate (Wagner, S.M.) denied the motion to dismiss and, in a May 2022 order, issued a temporary order of support requiring the father to make biweekly child support payments of $700. Following the father's objections, Family Court denied the objections in a June 2022 order.
The father asserted the defenses of constructive emancipation and parental alienation, which required the matter to be transferred to Family Court for a fact-finding hearing on those defenses, pursuant to Family Ct Act § 439 (a). This matter proceeded to a multiday fact-finding hearing at which the court heard testimony from the father and the mother. The court found that the father failed to prove that the subject child had constructively emancipated himself; as such, the child did not forfeit his right to child support. The court ordered that the temporary order of support be given full force and effect and referred the mother's petition for support back to the Support Magistrate to establish the father's monthly support obligation. The father appeals.
We dismiss the appeal. But for very limited circumstances involving abuse or neglect, no appeal lies as of right from a nondispositional order of Family Court (see Family Ct Act § 1112 [a]; Matter of Brandon J. v Leola K., 229 AD3d 918, 919 n 2 [3d Dept 2024]; Matter of Andzel-Graziano v Graziano, 193 AD3d 1282, 1283 [3d Dept 2021]). Here, the order appealed from was nonfinal; Family Court remanded the matter to the Support Magistrate to calculate the father's support obligations. Because the father did not seek permission to appeal, the matter is not properly before us (see Family Ct Act § 1112 [a]). Under the circumstances, and considering that during the pendency of this appeal the parties apparently agreed to an order of support until the subject child turns 21 in February 2025, we decline to treat the father's notice of appeal as a request for permission to appeal or to grant permission to appeal (see Matter of Cortland County Dept. of Social Servs. v Martin, 182 AD3d 759, 760 [3d Dept 2020]; Matter of Mickayla WW., 139 AD3d 1150, 1151 [3d Dept 2016]; Matter of McCoy v McCoy, 134 AD3d 1206[*2], 1207 [3d Dept 2015]).
Garry, P.J., Egan Jr., Clark and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, without costs.