Matter of Casey Q. v Jeffrey O. (2025 NY Slip Op 07049)

Matter of Casey Q. v Jeffrey O.

2025 NY Slip Op 07049

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CV-23-2407 CV-24-0065
[*1]In the Matter of Casey Q., Respondent,
v
Jeffrey O., Appellant. (Proceeding No. 1.)
In the Matter of Jeffrey O., Appellant,
v
Casey Q., Respondent. (Proceeding No. 2.)
In the Matter of Jeffrey O., Appellant,
v
Casey Q., Respondent. (Proceeding No. 3.)
In the Matter of Casey Q., Respondent,
v
Jeffrey O., Appellant. (Proceeding No. 4.)

Calendar Date:November 18, 2025

Before:Reynolds Fitzgerald, J.P., Lynch, Ceresia, Fisher and McShan, JJ.

John A. Cirando, Syracuse, for appellant.
Christopher Hammond, Cooperstown, for respondent.
Joan E. Mencel, Endwell, attorney for the child.

McShan, J.
Appeals (1) from an order of the Family Court of Cortland County (David Alexander, J.), entered October 20, 2023, which, in proceeding No. 2 pursuant to Family Ct Act article 6, dismissed the petition, (2) from an order of said court, entered October 26, 2023, which, in proceeding No. 1 pursuant to Family Ct Act article 8, denied respondent's motion to remove his assigned counsel, (3) from an order of said court, entered November 16, 2023, which, in proceeding No. 1 pursuant to Family Ct Act article 8, relieved respondent's assigned counsel, (4) from an order of said court, entered June 21, 2024, which granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 8, for an order of protection, (5) from an order of said court, entered June 21, 2024, which granted petitioner's application, in proceeding No. 3 pursuant to Family Ct Act article 8, for an order of protection, and (6) from an order of said court, entered July 10, 2024, which, in proceeding No. 4 pursuant to Family Ct Act article 6, granted petitioner certain temporary relief.
The parties to this appeal are familiar to this Court, as we recently reversed a November 2022 custody determination and ordered a new fact-finding hearing (Matter of Casey Q. v Jeffrey O., 237 AD3d 1270 [3d Dept 2025]). Briefly, Casey Q. (hereinafter the mother) and Jeffrey O. (hereinafter the father) are the parents of the subject child (born in 2017). In June 2023, the mother filed a family offense petition — proceeding No. 1 — seeking an order of protection against the father on the basis that the father committed harassment in the first or second degree and/or aggravated harassment in the second degree. The mother alleged that the father had repeatedly accused her of being neglectful of the child and, on multiple occasions, called the police to perform a welfare check during the mother's parenting time. In July 2023, the father was assigned counsel in that proceeding.
Several months later, the father, acting pro se, filed a 92-page violation petition — proceeding No. 2 — requesting, among other things, that an order of protection be put in place for the child and the father against the mother. Shortly thereafter, the father was assigned the same counsel as he was for the mother's family offense petition in proceeding No. 1. That same day, Family Court sua sponte dismissed the father's petition in proceeding No. 2 without prejudice. The father appeals.
The father then moved, in the context of proceeding No. 1, to relieve assigned counsel based on ineffective assistance of counsel. In an order dated October 26, 2023, Family Court denied the father's motion to relieve assigned counsel. However, the following day, assigned counsel moved to be relieved as counsel for the father citing a conflict of interest due to a breakdown in the attorney/client relationship. Family Court granted assigned counsel's motion to be relieved in an order dated November 16, 2023. The father appeals from both [*2]orders.
In November 2023, while assigned counsel's motion was pending, the father filed a family offense petition — proceeding No. 3 — on his own behalf against the mother, alleging that she was harassing, stalking and threatening him. The father was assigned new counsel in December 2023. During a one-day fact-finding hearing on both the mother's and the father's family offense petitions — proceedings Nos. 1 and 3 — the mother requested mutual stay-away orders of protection. The father expressed that he wished to continue with the fact-finding hearing but agreed to accept an order of protection in his favor. Ultimately, Family Court issued two orders of protection on consent — one in favor of the father and one in favor of the mother. The father appeals from both orders of protection.
Finally, in July 2024, the mother filed a petition for the enforcement and modification of a prior order of custody — proceeding No. 4. The mother requested that she be awarded sole legal custody and primary physical custody of the child and that the father be required to undergo a mental health evaluation. That same month, Family Court signed an order to show cause, ordering the father to adhere to the terms of the custody order. The father appeals from that order.
At the outset, each order in this case is nonappealable for varying reasons. Beginning with the father's appeal from the October 20, 2023 order in proceeding No. 2, that order is not appealable as of right as it was issued sua sponte (see Matter of Donald QQ. v Stephanie RR., 198 AD3d 1155, 1156 n 1 [3d Dept 2021]; see also Sholes v Meagher, 100 NY2d 333, 335 [2003]). As to the October 26, 2023 order in proceeding No. 1, denying the father's motion to remove his assigned counsel, and the November 16, 2023 order in proceeding No. 1, which granted assigned counsel's motion to be relieved, both are nondispositional orders from which there is no right to appeal (see Matter of Walter Q. v Stephanie R., 237 AD3d 1297, 1297-1298 [3d Dept 2025], lv dismissed 44 NY3d 963 [2025]; Matter of Donald OO. v Tiffany OO., 212 AD3d 951, 952 [3d Dept 2023]; Matter of Melissa OO. v Rotisha PP., 209 AD3d 1193, 1194 [3d Dept 2022]). Finally, the father's appeal from the July 2024 signed order to show cause is no longer viable, as it has been superseded by an April 2025 temporary order (see Matter of Christopher N. v Karoline O., 196 AD3d 774, 776 [3d Dept 2021]; Matter of Jordan SS. [Kevin SS.], 180 AD3d 1159, 1160 [3d Dept 2020]). To the extent that the father asks that we treat his notices of appeal for the October 20, 2023 and July 10, 2024 orders as an application for permission to appeal in the exercise of our discretion, having reviewed the arguments raised with respect to those orders, we decline that invitation (see Matter of Walter Q. v Stephanie R., 237 AD3d at 1298; Matter of Donald OO. v Tiffany OO., 212 AD3d at 952).
As to the father's appeal from the June 2024 order in proceeding No. 1, granting the mother's [*3]application for an order of protection, that order has also been superseded by a corrected order. However, we exercise our discretion to treat the premature notice of appeal as valid (see Matter of Evelyn EE. v Jody CC., 222 AD3d 1294, 1296 n 3 [3d Dept 2023], lvs denied 41 NY3d 907 [2024], 41 NY3d 907 [2024], 41 NY3d 907 [2024]; Matter of Linda D. v Renee D., 40 AD3d 1201, 1202 n 2 [3d Dept 2007]; see also CPLR 5520 [c]). Although both the June 2024 order and the corrected order indicate that they were entered on the consent of the parties, the transcript of the fact-finding hearing reveals that, after the father was called to testify and briefly did so with respect to the mother's petition, there was a break in the proceedings, after which the parties came back on the record and discussed a potential agreement on the petitions. However, after conferring with counsel, the father only consented to an order of protection in his favor and expressed a desire to proceed with the hearing with respect to the mother's petition. Despite expressing that intent, Family Court briefly asked both the mother and the father respectively if they would consent to an order in their favor. Further, there were no findings of fact by Family Court supporting the order of protection against the father or an admission to a family offense on his part. Accordingly, Family Court failed to observe the procedural requirements of Family Ct Act § 154-c (3) (see Matter of Daniel W. v Kimberly W., 135 AD3d 1000, 1002 [3d Dept 2016]). As the record is insufficient for us to determine whether the proof established a family offense, we must vacate the order and remit the matter for a new hearing (see Matter of Anthony T. v Melissa U., 211 AD3d 1406, 1408 [3d Dept 2022]).
Turning to the corresponding order of protection entered June 21, 2024 in proceeding No. 3, as Family Court granted the father's petition in that proceeding, his appeal from that order must be dismissed, as he is not aggrieved (see Matter of Daniel A. v Jessica B., 176 AD3d 1408, 1408 [3d Dept 2019]; CPLR 5511). Further, the mother has not appealed from that order, which precludes us from granting her any affirmative relief (see Matter of Dibble v Valachovic, 141 AD3d 774, 775 n [3d Dept 2016]; Matter of Sharyn PP. v Richard QQ., 83 AD3d 1140, 1143-1144 [3d Dept 2011]).[FN1] The parties' remaining contentions, to the extent not explicitly addressed, have been considered and found unavailing.
Reynolds Fitzgerald, J.P., Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the appeals from the orders entered October 20, 2023, October 26, 2023, November 16, 2023, July 20, 2024, and the order of protection entered June 21, 2024 in proceeding No. 3 are dismissed, without costs.
ORDERED that the order of protection entered June 21, 2024 in proceeding No. 1 is reversed, on the law, without costs, and matter remitted to the Family Court of Cortland County for further proceedings not inconsistent with this Court's decision.[*4]

Footnotes

Footnote 1: Although that order of protection was entered on the mother's consent, which she provided with the understanding that mutual orders of protection would be granted, she is "not precluded from bringing a challenge to such order[ ], but instead must do so in the first instance by filing a motion to vacate the order, thus providing Family Court with an opportunity to consider and correct any deficiencies" (Matter of Vicktoriya DD. [Daniel EE.], 172 AD3d 1473, 1474 [3d Dept 2019]; see Matter of Dimitry E. [Clarissa E.], 177 AD3d 1223, 1224 [3d Dept 2019]).